**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**ANDREW LUKE, FRANK THROWER,**
**PAT MAIOLO, DAVID KIRWIN,**
**FLOYD PREVOST, MICHAEL J. GARRETT,**
**And JOSEPH HERNANDEZ,**

     **Plaintiffs,**

**v.**                                                                 **CASE NO:**

**CENTURYLINK OF FLORIDA, INC.,**

     **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Named Plaintiffs, Andrew Luke, Frank Thrower, Pat Maiolo, David Kirwin, Floyd Prevost, Michael J. Garrett, and Joseph Hernandez, (collectively "Plaintiffs"), file this Complaint and Demand for Jury Trial against Defendant CenturyLink of Florida, Inc., ("Defendant" or "CenturyLink of Florida"), and states as follows:

1.    Defendant CenturyLink of Florida is a telecommunications corporation and internet services provider.

2.    Defendant's policy and practice is to deny earned wages and overtime pay to its Network and Field Technicians -- hourly employees – for handling calls and being on-call in order to travel to trouble sites throughout the nation.

3.    Defendant's deliberate failure to pay Plaintiffs their earned wages and overtime compensation violated the Fair Labor Standards Act ("FLSA").

4. In fact, Defendant's corporate policies for terms for employment of Network and Field Technicians include an hourly rate plus the following:

    a. A requirement to be on-call once a month for a full week plus the weekend and to be within two hours' drive of their respective regions;

    b. A requirement to answer all calls during their on-call time and to be at a trouble site within two hours if required; and

5. The Plaintiffs in this action are all part of either the IBEW Local 824 (formerly "199") North or South collective bargaining agreements ("CBA").

6. The CBAs, however, do not materially alter the corporate policies.

7. The IBEW Local 824 (formerly "199") (North) CBA includes the following provisions:

    a. Call-out hours are not included in the calculation for daily and weekly overtime (§ 9.01);

    b. It is understood and agree that employees may be required to work overtime hours as directed by the Company and employees are expected to be available and to generally accept call outs (§ 9.01);

    c. Employees on standby will receive standby pay in the amount of $30 per day, $35 for Saturday and/or Sunday, and $60 for fixed holiday standby duty. This payment is not considered as time worked and does not count towards the computation of daily or weekly overtime (§§ 9.14, 24.02);

8.    The IBEW Local 824 (formerly "199") (South) CBA includes the following provisions:

   a. Call-out hours are not included in the calculation for daily and weekly overtime (§ 12.01);

   b. Travel time for Call Outs is paid only at the adjusted base rate (§ 4.08); and

   c. Call-out pay is started from the time the employee reports to work (§ 13.01).

9.    Plaintiffs worked as Network or Field Technicians located throughout the state of Florida.

10.    For every week, the Defendant requires one Network Technician and one Field Technician to be on-call for Defendant's business purposes. The two Technicians work together to respond to call-outs to repair or maintain Defendant's network. During the on-call time, Defendant requires the Technicians to carry a company-issued phone at all times and to respond to the texts or calls 24 hours per day, 7 days per week, when on-call.

11.    Defendant essentially requires Network and Field Technicians to monitor and triage its communications network.

12.    It is Defendant's policy and practice not to pay Plaintiffs for their work time and, consequently, Plaintiffs, are consistently working "off the clock" and without pay.

13.    Moreover, Defendant's actions reflect the nature of the on-call time as work because Defendant pays a small amount, $30 per day of on-call, but does not include this amount when calculating the Plaintiffs' overtime premium rate.

14.    Accordingly, Plaintiffs are entitled to compensation for the time they spend engaged to wait, handling calls, regardless of the time of each call, travelling to and from the multiple locations as directed by Defendant at a premium rate that includes their $30 daily rate of on-call days.

## JURISDICTION AND VENUE

15.    The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

16.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events giving rise to the claims occurred in this jurisdiction.

## PARTIES

17.    Defendant is a Florida for-profit corporation with its principal place of business in Denver, Colorado.

18.    Defendant does business in the State of Florida, including in this District.

19.    On October 13, 2022, Embarq Florida, Inc., filed its name change to CenturyLink of Florida, Inc., in Document No. 017944, and filed the same with Florida's Department of State for both entities.

20. Both Embarq Florida, Inc., and CenturyLink of Florida, Inc., share the same federal Employer Identification Number, to wit 59-0248365.

21. Plaintiffs worked for one or both entities throughout their career.

### *Plaintiff Andrew Luke*

22. Plaintiff Luke is a resident of Lee County, Florida, and is a current employee of Defendant. Plaintiff works for Defendant in this district.

23. Plaintiff Luke works for Defendant in Lehigh Acres, Florida.

24. Plaintiff Luke also worked for Defendant's previous iteration, Embarq Florida, Inc., prior its October 13, 2022, name change to CenturyLink of Florida, Inc.

25. Plaintiff Luke began working for Embarq Florida, Inc., now Defendant, in June 2007.

26. Defendant required Plaintiff Luke to work on-call for weeks at a time, during which time he actually worked twenty-four hours per day, seven days per week.

27. Only after a previous lawsuit was filed complaining of the on-call policy did Defendant change its policy in the fall of 2023 to reduce the number of days of on-call policy to the weekend from Friday evening through Monday morning.

28. During the on-call time, Defendant requires Plaintiff Luke to stay within a two hour driving distance from his home thus restricting his travel, refrain from consuming alcohol thus restricting his leisure time, be prepared to leave if

called upon thus restricting the use of his free time, answer text messages within fifteen minutes and report to trouble sites within two hours thus restricting his ability to make plans outside of his obligations to Defendant. Essentially, Defendant controls all aspects of Plaintiff Luke's time while on-call such that it is so restrictive, it is not used predominately for Luke's benefit.

29. For instance on at least one occasion, Plaintiff Luke had to decline to take any more calls while on-call because he had worked sixteen (16) hours of call outs and needed to sleep.

30. Defendant pays Plaintiff Luke $30 per day of being on-call but does not include that amount in the calculation of any over-time premium pay that it pays to Plaintiff Luke.

31. Defendant only pays overtime to Plaintiff Luke for actual calls that he receives despite Defendant's control of his time during the on-call period.

32. Plaintiff Luke is part of a collective bargaining agreement, IBEW Local 824 (South) CBA.

### *Plaintiff Frank Thrower*

33. Plaintiff Thrower is a resident of Lee County, Florida, and is a current employee of Defendant.

34. Plaintiff works for Defendant in Fort Meyers, Florida.

35. Plaintiff began working for Defendant in November 2010.

36. Defendant requires Plaintiff Thrower to be on-call approximately one weekend per month, for twenty-four hours per day, from five o'clock in the evening on Friday through Monday morning at eight o'clock.

37. During the on-call time, Defendant requires Plaintiff Thrower to stay within a two hour driving distance from his home thus restricting his travel, refrain from consuming alcohol thus restricting his leisure time, be prepared to leave if called upon thus restricting the use of his free time, answer text messages within fifteen minutes and report to trouble sites within two hours thus restricting his ability to make plans outside of his obligations to Defendant. Essentially, Defendant controls all aspects of Plaintiff Thrower's time while on-call such that it was so restrictive, it was not used predominately for Thrower's benefit.

38. Defendant pays Plaintiff Thrower $30 per day of being on-call but does not include that amount in the calculation of any over-time premium pay that it pays to Plaintiff Thrower.

39. Defendant only pays overtime to Plaintiff Thrower for actual calls that he receives despite Defendant's control of his time during the on-call period.

40. Plaintiff Thrower is part of a collective bargaining agreement, IBEW Local 824 (South) CBA.

### *Plaintiff Pat Maiolo*

41. Plaintiff Maiolo is a resident of Lee County, Florida, and is a current employee of Defendant. Plaintiff works for Defendant in this district.

42.     Plaintiff works as a Network Technician for Defendant in Fort Meyers, Florida.

43.     Plaintiff also worked for Defendant's previous iteration, Embarq Florida, Inc., prior its October 13, 2022, name change to CenturyLink of Florida, Inc.

44.     Plaintiff began working for Embarq Florida, Inc., now Defendant, in July 2005.

45.     Defendant requires Plaintiff Maiolo to work on-call for periods of a week-end up to a week at Defendant's whim.

46.     Defendant requires Plaintiff Maiolo to stay within a two hour driving distance from his home thus restricting his travel, refrain from consuming alcohol thus restricting his leisure time, be prepared to leave if called upon thus restricting the use of his free time, answer text messages within fifteen minutes and report to trouble sites within two hours thus restricting his ability to make plans outside of his obligations to Defendant. Essentially, Defendant controls all aspects of Plaintiff Maiolo's time while on-call such that it is so restrictive, it was and is not used predominately for Maiolo's benefit.

47.     Defendant pays Plaintiff Maiolo $30 per day of being on-call but does not include that amount in the calculation of any over-time premium pay that it pays to Plaintiff Maiolo.

48. Defendant only pays overtime to Plaintiff Maiolo for actual calls that he receives despite Defendant's control of his time during the on-call period and the parties' agreement to additionally pay $30 per day of on-call.

49. Plaintiff Maiolo is part of the IBEW Local 824 (South) CBA collective bargaining agreement.

### *Plaintiff David Kirwin*

50. Plaintiff Kirwin is a resident of Lee County, Florida, and is a current employee of Defendant. Plaintiff Kirwin works for Defendant in this district.

51. Plaintiff works for Defendant in Fort Meyers, Florida.

52. Plaintiff also worked for Defendant's previous iteration, Embarq Florida, Inc., prior its October 13, 2022, name change to CenturyLink of Florida, Inc.

53. Plaintiff began working for Embarq Florida, Inc., now Defendant, in July 2005. Plaintiff Kriwin works as a Network Technician.

54. Defendant requires Plaintiff Kirwin to work on-call for periods of a week-end up to a week at Defendant's whim.

55. Defendant requires Plaintiff Kirwin to stay within a two hour driving distance from his home thus restricting his travel, refrain from consuming alcohol thus restricting his leisure time, be prepared to leave if called upon thus restricting the use of his free time, answer text messages within fifteen minutes and report to trouble sites within two hours thus restricting his ability to make plans outside of his obligations to Defendant. Essentially, Defendant controls all aspects of Plaintiff

Kiriwn's time while on-call such that it is so restrictive, it is not used predominately for Plaintiff Kirwin's benefit.

56.    Defendant requires Plaintiff Kirwin to triage its trouble tickets for which Plaintiff Kirwin was not compensated his hourly rate or the premium overtime rate for such hours despite the calls occurring multiple times per day while on-call.

57.    Defendant pays Plaintiff Kirwin $30 per day of being on-call but does not include that amount in the calculation of any over-time premium pay that it pays to Plaintiff Kirwin.

58.    Defendant only pays overtime to Plaintiff Kirwin for actual calls that he receives despite Defendant's control of his time during the on-call period.

59.    Plaintiff Kirwin is part of the IBEW Local 824 (South) collective bargaining agreement.

### Plaintiff Floyd Prevost

60.    Plaintiff Prevost is a resident of Collier County, Florida, and is a current employee of Defendant. Plaintiff works for Defendant in this District.

61.    Plaintiff Prevost works for Defendant in Naples, Florida.

62.    Plaintiff Prevost also worked for Defendant's previous iteration, Embarq Florida, Inc., prior its October 13, 2022, name change to CenturyLink of Florida, Inc.

63.    Plaintiff Prevost began working for Embarq Florida, Inc., now Defendant, in July 2005.

64. Defendant requires Plaintiff Prevost to work on-call for periods of a week-end up to a week at Defendant's whim.

65. Defendant requires Plaintiff Prevost to stay within a two hour driving distance from his home thus restricting his travel, refrain from consuming alcohol thus restricting his leisure time, be prepared to leave if called upon thus restricting the use of his free time, answer text messages within fifteen minutes and report to trouble sites within two hours thus restricting his ability to make plans outside of his obligations to Defendant. Essentially, Defendant controls all aspects of Plaintiff Prevost's time while on-call such that it is so restrictive, it is not used predominately for Plaintiff Prevost's benefit.

66. Plaintiff Prevost's supervisor informed him that he had to work the first 15 minutes of a call out for free.

67. Defendant pays Plaintiff Prevost $30 per day of being on-call but does not include that amount in the calculation of any over-time premium pay that it pays to Plaintiff Prevost.

68. Defendant only pays overtime to Plaintiff Prevost for actual calls that he receives despite Defendant's control of his time during the on-call period.

69. Plaintiff Prevost is part of the IBEW Local 824 (South) collective bargaining agreement.

### Plaintiff Michael J. Garrett

70. Plaintiff Garrett is a resident of Bradford County, Florida, and is a current employee of Defendant. Plaintiff works for Defendant in this District.

71.    Plaintiff Garrett works for Defendant in Stark, Florida.

72.    Plaintiff Garrett also worked for Defendant's previous iteration, Embarq Florida, Inc., prior its October 13, 2022, name change to CenturyLink of Florida, Inc.

73.    Plaintiff Garrett began working for Embarq Florida, Inc., now Defendant, in June 2005.

74.    Defendant requires Plaintiff Garrett to work on-call for periods of a week-end up to a week at Defendant's whim.

75.    Defendant requires Plaintiff Garrett to stay within a two hour driving distance from his home thus restricting his travel, refrain from consuming alcohol thus restricting his leisure time, be prepared to work and leave if called upon thus restricting the use of his free time, answer text messages within fifteen minutes and report to trouble sites within two hours thus restricting his ability to make plans outside of his obligations to Defendant. Essentially, Defendant controls all aspects of Plaintiff Garrett's time while on-call such that it is so restrictive, it is not used predominately for Plaintiff Garrett's benefit.

76.    Defendant pays Plaintiff Garrett $30 per day of being on-call but does not include that amount in the calculation of any over-time premium pay that it pays to Plaintiff Garrett.

77.    Defendant only pays overtime to Plaintiff Garrett for actual calls that he receives beyond the first fifteen minutes despite Defendant's control of his time during the on-call period.

78.     Plaintiff Garrett is part of the IBEW Local 824 (North) collective bargaining agreement.

### Plaintiff Joseph Hernandez

79.     Plaintiff Hernandez is a resident of Wakulla County, Florida, and is a current employee of Defendant.

80.     Plaintiff works for Defendant in Crawfordville, Florida.

81.     Plaintiff began working for Defendant in 1999.

82.     Plaintiff works as a Network Technician in Defendant's North Florida region. His job requires him to maintain and repair the backbone of Defendant's network and all of the devices that hand the communications traffic.

83.     When on-call, Plaintiff travels to Defendant's premises or Defendant's other locations in the field where Defendant's fiber devices are located.

84.     Plaintiff Hernandez is required to be on-call at least one week per month. However, Defendant has required Plaintiff's on-call time to be almost every other week because Defendant claims to be short-staffed of technicians.

85.     During the on-call time, Defendant requires Plaintiff Hernandez to stay within a two hour driving distance from his home thus restricting his travel, refrain from consuming alcohol thus restricting his leisure time, be prepared to leave if called upon thus restricting the use of his free time, answer text messages within fifteen minutes and report to trouble sites within two hours thus restricting his ability to make plans outside of his obligations to Defendant. Essentially,

Defendant controls all aspects of Plaintiff Hernandez's time while on-call such that it is so restrictive, it is not used predominately for Plaintiff Hernandez's benefit.

86.    Defendant pays Plaintiff Hernandez $30 per day of being on-call but does not include that amount in the calculation of any over-time premium pay that it pays to Plaintiff Hernandez.

87.    Defendant only pays overtime to Plaintiff Hernandez for actual calls that he receives despite Defendant's control of his time during the on-call period.

88.    Plaintiff Hernandez is part of a collective bargaining agreement, IBEW Local 824 (North) (CBA).

### GENERAL ALLEGATIONS

89.    Defendant operates a telecommunications company in Florida.

90.    The principal job duty of Defendant's Technicians is to operate on Defendant's telecommunications network equipment.

91.    Defendants paid the Plaintiffs on an hourly basis and classifies them as "non-exempt" under the FLSA.

92.    Plaintiff's typical regular schedule was to work forty hours per week plus be on call  for weeks in which case they worked twenty-four hours per day, seven days per week.  Plaintiffs worked on average about 40 hours of overtime per week for which they were routinely not compensated for "off the clock" work.

93.    However, Plaintiffs' time commitment to Defendant was actually 24/7. When Plaintiffs were on call, they worked 24 hours a day, and seven days per week.

94. As stated above, Plaintiffs are not allowed to accurately record all of the time for which they were to be compensated. According to Defendant's policy, the Technician Plaintiffs must take all calls for weeks when they are on call and travel to designated location sites for services.

95. For example, Defendant previously paid the Technicians a flat rate per day to be on call. However, now Defendant does not pay the on call Technicians for their time being on call even though it restricts the Technicians' use of their personal time by requiring them to be within two hours driving distance.

96. Plaintiffs subject to IBEW Local 824 (South) are also not compensated at time and a half for time travelling if they are away from their homes to the trouble site.

97. Defendant's policy is to exclude the on-call pay from the Plaintiff's regular rate of pay for computing their overtime.

98. Defendant classified Plaintiffs as non-exempt and otherwise eligible for overtime pay.

99. Plaintiffs' time was submitted via Defendant's system.

100. Defendant could easily and accurately record the actual time Plaintiffs are engaged to wait, for example, by paying them for their entire on call time.

101. Defendant's policy and practice fails to pay overtime compensation and willfully fails to keep accurate time records. Defendant enjoyed ill-gained profits at the expense of its hourly employees.

102. In exchange for Plaintiffs' services, Defendant agreed to pay Plaintiffs a set wage.

103. Defendant failed to pay Plaintiffs all wages owed to Plaintiffs, including wages earned when they were not paid for compensable time spent working, including but not limited to, calls that did not exceed fifteen minutes.

104. Plaintiff's unpaid overtime constitutes "wages" under Florida common law, as well as under Fla. Stat. § 448.08.

105. All Defendant's failure to pay Plaintiffs all of Plaintiffs' wages, including their hourly rate for all hours worked, was willful.

### COUNT I – FLSA OVERTIME VIOLATION

106. Plaintiffs re-assert and re-allege the allegations of paragraphs 1 through 105 above.

107. Defendant violated the FLSA by failing to pay for all overtime hours worked. In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by their employees.

108. Section 13 of the FLSA, codified at 29 U.S.C. § 13, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemption apply to Plaintiffs.

109. Plaintiffs are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

110.    Defendants acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).

111.    Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

112.    As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs. Accordingly, Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## **PRAYER FOR RELIEF**

*WHEREFORE*, Plaintiffs demand:

a)    Judgment against Defendant for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate;

b)    Judgment against Defendant that their violation of the FLSA was willful;

c)    An equal amount to the overtime damages as liquidated damages;

d)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)    All costs and attorney's fees incurred in prosecuting these claims; and

f)    For such further relief as the Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby request a trial by jury on all issues so triable.

Dated this 8th day of January 2025.

Respectfully submitted,

/s/ Brandon J. Hill
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**LUIS A. CABASSA**
Florida Bar Number: 053643
Direct No.: 813-379-2565
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: lcabassa@wfclaw.com
Email: aheystek@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiff**