# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

ANDREW LUKE, FRANK THROWER, PAT MAIOLO, DAVID KIRWIN, FLOYD PREVOST, MICHAEL J. GARRETT, AND JOSEPH HERNANDEZ,

Plaintiffs,

vs.

CENTURYLINK OF FLORIDA, INC.,

Defendant.

CASE NO. 2:25-cv-00018-JES-KCD

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant CenturyLink of Florida, Inc. ("Defendant"), by and through its counsel of record, states as follows:

1. **Defendant CenturyLink of Florida is a telecommunications corporation and internet services provider.**

Defendant admits that it provides telecommunications services, including internet services.

2. **Defendant's policy and practice is to deny earned wages and overtime pay to its Network and Field Technicians - hourly employees - for handling calls and being on- call in order to travel to trouble sites throughout the nation.**

Defendant denies the allegations of paragraph 2.

**3.    Defendant's deliberate failure to pay Plaintiffs their earned wages and overtime compensation violated the Fair Labor Standards Act ("FLSA").**

Defendant denies the allegations of paragraph 3.

**4.    In fact, Defendant's corporate policies for terms for employment of Network and Field Technicians include an hourly rate plus the following:**

**a)    A requirement to be on-call once a month for a full week plus the weekend and to be within two hours' drive of their respective regions;**

**b)    A requirement to answer all calls during their on-call time and to be at a trouble site within two hours if required; and [sic]**

As phrased, Defendant is without sufficient knowledge or belief to either admit or deny the allegations of paragraph 4, including without limitation its subparagraphs.

**5.    The Plaintiffs in this action are all part of either the IBEW Local 824 (formerly "199") North or South collective bargaining agreements ("CBA").**

2

Defendant denies the allegations of Paragraph 5, as written. Defendant admits that Plaintiffs Joseph Hernandez and Michael Garrett are bargaining unit members covered by the terms of the collective bargaining agreement between Defendant and IBEW Local 824 (North).  Defendant admits that Plaintiffs Andrew Luke, Pat Maiolo, Floyd Prevost, and Frank Thrower are bargaining unit members covered by the terms of the collective bargaining agreement between Defendant and IBEW Local 824 (South).  Defendant avers that Plaintiff Kirwin is a former employee of Defendant and was previously a bargaining unit member covered by the collective bargaining agreement between Defendant and IBEW Local 824 (South).

6.     **The CBAs, however, do not materially alter the corporate policies.** Defendant denies the allegations of paragraph 6.

7.     **The IBEW Local 824 (formerly "199") (North) CBA includes the following provisions:**

a.     **Call-out hours are not included in the calculation for daily and weekly overtime (§ 9.01);**

b.     **It is understood and agree [sic] that employees may be required to work overtime hours as directed by the Company and employees are expected to be available and to generally accept call outs (§ 9.01);**

c.     **Employees on standby will receive standby pay in the amount of $30 per day, $35 for Saturday and/or Sunday, and $60 for**

3

**fixed holiday standby duty.  This payment is not considered as time worked and does not count towards the computation of daily or weekly overtime (§§ 9.14, 24.02); [sic]**

Defendant admits that the allegations of paragraph 7 purport to describe certain provisions contained within the IBEW Local 824 (formerly "199") (North) CBA.  Defendant affirmatively states that the IBEW Local 824 (formerly "199") (North) CBA speaks for itself and, on that basis, denies any allegations of paragraph 7 inconsistent therewith.

**8.      The IBEW Local 824 (formerly "199") (South) CBA includes the following provisions:**

**a.      Call-out hours are not included in the calculation for daily and weekly overtime (§ 12.01);**

**b.      Travel time for Call Outs is paid only at the adjusted base rate (§ 4.08); and**

**c.      Call-out pay is started from the time the employee reports to work (§ 13.01).**

Defendant admits that the allegations of paragraph 8 purport to describe certain provisions contained within the IBEW Local 824 (South) CBA.  Defendant affirmatively states that the IBEW Local 824 (South) CBA speaks for itself and, on that basis, denies any allegations of paragraph 8 inconsistent therewith. Defendant

denies the allegations of paragraph 8 to the extent they imply any wrongdoing on the part of Defendant.

**9.    Plaintiffs worked as Network or Field Technicians located throughout the state of Florida.**

Defendant denies the allegations of paragraph 9, except to admit that Plaintiffs worked as Network Technicians within designated locations in Florida.

**10.    For every week, the Defendant requires one Network Technician and one Field Technician to be on-call for Defendant's business purposes.  The two Technicians work together to respond to call-outs to repair or maintain Defendant's network.  During the on-call time, Defendant requires the Technicians to carry a company-issued phone at all times and to respond to the texts or calls 24 hours per day, 7 days per week, when on-call.**

Defendant denies the allegations of paragraph 10 as written.

**11.    Defendant essentially requires Network and Field Technicians to monitor and triage its communications network.**

Defendant admits that its technicians monitor and triage Defendant's communications network as part of their job duties.  Defendant denies the allegations of paragraph 11 to the extent they imply any wrongdoing on the part of Defendant.

**12.    It is Defendant's policy and practice not to pay Plaintiffs for their work time and, consequently, Plaintiffs, are consistently working "off the clock" and without pay.**

5

Defendant denies the allegations of paragraph 12.

**13.    Moreover, Defendant's actions reflect the nature of the on-call time as work because Defendant pays a small amount, $30 per day of on-call, but does not include this amount when calculating the Plaintiff's overtime premium rate.**

Defendant denies the allegations of paragraph 13.

**14.    Accordingly, Plaintiffs are entitled to compensation for the time they spend engaged to wait, handling calls, regardless of the time of each call, travelling to and from the multiple locations as directed by Defendant at a premium rate that includes their $30 daily rate of on-call days.**

Defendant denies the allegations of paragraph 14.

## JURISDICTION AND VENUE

**15.    The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.**

Defendant admits this Court has subject matter jurisdiction over the allegations of this Complaint, but denies any liability.

**16.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events giving rise to the claims occurred in this jurisdiction.**

6

Defendant avers that the allegations of paragraph 16 assert legal conclusions to which a response is not necessary. To the extent Defendant may be mistaken, Defendant is without sufficient knowledge or belief to either admit or deny the allegations of paragraph 16.

## PARTIES

**17.    Defendant is a Florida for-profit corporation with its principal place of business in Denver, Colorado.**

Defendant admits the allegations of paragraph 17.

**18.    Defendant does business in the State of Florida, including in this District.**

Defendant admits the allegations of paragraph 18.

**19.    On October 13, 2022, Embarq Florida, Inc., filed its name change to CenturyLink of Florida, Inc., in Document No. 017944, and filed the same with Florida's Department of State for both entities.**

Defendant admits that it was known as Embarq Florida, Inc. prior to October 13, 2022. Defendant denies the remaining allegations of paragraph 19.

**20.    Both Embarq Florida, Inc., and CenturyLink of Florida, Inc., share the same federal Employer Identification Number, to wit 59-0248365.**

Defendant admits the allegations of paragraph 20.

**21.    Plaintiffs worked for one or both entities throughout their career.**

7

Defendant denies the allegations of paragraph 21, as written, except to admit that each Plaintiff worked as a Network Technician for Embarq Florida, Inc., which later became known as CenturyLink of Florida, Inc.

### *Plaintiff Andrew Luke*

**22.    Plaintiff Luke is a resident of Lee County, Florida, and is a current employee of Defendant.  Plaintiff works for Defendant in this district.**

Defendant admits that Plaintiff Luke is a current employee of Defendant.  Defendant is without sufficient knowledge or belief to either admit or deny the remaining allegations of paragraph 22.

**23.    Plaintiff Luke works for Defendant in Lehigh Acres, Florida.**

Defendant denies the allegations of paragraph 23, as written, except to admit that Plaintiff Luke works from Defendant's facility located in Fort Myers, Florida.

**24.    Plaintiff Luke also worked for Defendant's previous iteration, Embarq Florida, Inc., prior [sic] its October 13, 2022, name change to CenturyLink of Florida, Inc.**

Defendant admits the allegations of paragraph 24.

**25.    Plaintiff Luke began working for Embarq Florida, Inc., now Defendant, in June 2007.**

Defendant denies the allegations of paragraph 25, as written, and avers that Plaintiff Luke began working for Defendant on or about September 10, 2007.

26.    **Defendant required Plaintiff Luke to work on-call for weeks at a time, during which time he actually worked twenty-four hours per day, seven days per week.**

Defendant denies the allegations of paragraph 26.

27.    **Only after a previous lawsuit was filed complaining of the on-call policy did Defendant change its policy in the fall of 2023 to reduce the number of days of on-call policy to the weekend from Friday evening through Monday morning.**

Defendant denies the allegations of paragraph 27.

28.    **During the on-call time, Defendant requires Plaintiff Luke to stay within two hour driving distance from his home thus restricting his travel, refrain from consuming alcohol thus restricting his leisure time, be prepared to leave if called upon thus restricting the use of his free time, answer text messages within fifteen minutes and report to trouble sites within two hours restricting his ability to make plans outside of his obligations to Defendant. Essentially, Defendant controls all aspects of Plaintiff Luke's time while on-call such that it is so restrictive, it is not used predominantly for Luke's benefit.**

Defendant denies the allegations of paragraph 28.

29.    **For instance on at least one occasion, Plaintiff Luke had to decline to take any more calls while on-call because he had worked sixteen (16) hours of call outs and needed to sleep.**

9

Defendant denies the allegations of paragraph 29.

**30.   Defendant pays Plaintiff Luke $30 per day of being on-call but does not include that amount in the calculation of any over-time premium pay that it pays to Plaintiff Luke.**

Defendant denies the allegations of paragraph 30, as written, which purport to describe certain provisions contained within the IBEW Local 824 (South) CBA. Defendant affirmatively states that the IBEW Local 824 (South) CBA speaks for itself and, on that basis, denies any allegations of paragraph 30 inconsistent therewith. Defendant denies the allegations of paragraph 30 to the extent they imply any wrongdoing on the part of Defendant.

**31.   Defendant only pays overtime to Plaintiff Luke for actual calls that he receives despite Defendant's control of his time during the on-call period.**

Defendant denies the allegations of paragraph 31, as written.

**32.   Plaintiff Luke is part of a collective bargaining agreement, IBEW Local 824 (South) CBA.**

Defendant denies the allegations of paragraph 32, except to admit that Plaintiff Luke is a bargaining unit member covered by the IBEW Local 824 (South) CBA.

### *Plaintiff Frank Thrower*

**33.   Plaintiff Thrower is a resident of Lee County, Florida, and is a current employee of Defendant.**

10

Defendant admits that Plaintiff Thrower is a current employee of Defendant. Defendant is without sufficient knowledge or belief to either admit or deny the remaining allegations of paragraph 33.

**34.    Plaintiff works for Defendant in Fort Meyers [sic], Florida.**

Defendant admits the allegations of paragraph 34.

**35.    Plaintiff began working for Defendant in November 2010.**

Defendant admits the allegations of paragraph 35.

**36.    Defendant requires Plaintiff Thrower to be on-call approximately one weekend per month, for twenty-four hours per day, from five o'clock in the evening on Friday through Monday morning at eight o'clock.**

Defendant denies the allegations of paragraph 36, as written.

**37.    During the on-call time, Defendant requires Plaintiff Thrower to stay within two hour driving distance from his home thus restricting his travel, refrain from consuming alcohol thus restricting his leisure time, be prepared to leave if called upon thus restricting the use of his free time, answer text messages within fifteen minutes and report to trouble sites within two hours restricting his ability to make plans outside of his obligations to Defendant. Essentially, Defendant controls all aspects of Plaintiff Thrower's time while on-call such that it is so restrictive, it is not used predominantly for Thrower's benefit.**

Defendant denies the allegations of paragraph 37.

11

**38.    Defendant pays Plaintiff Thrower $30 per day of being on-call but does not include that amount in the calculation of any over-time premium pay that it pays to Plaintiff Thrower.**

Defendant denies the allegations of paragraph 38, as written, which purport to describe certain provisions contained within the IBEW Local 824 (South) CBA. Defendant affirmatively states that the IBEW Local 824 (South) CBA speaks for itself and, on that basis, denies any allegations of paragraph 38 inconsistent therewith. Defendant denies the allegations of paragraph 38 to the extent they imply any wrongdoing on the part of Defendant.

**39.    Defendant only pays overtime to Plaintiff Thrower for actual calls that he receives despite Defendant's control of his time during the on-call period.**

Defendant denies the allegations of paragraph 39.

**40.    Plaintiff Thrower is part of a collective bargaining agreement, IBEW Local 824 (South) CBA.**

Defendant denies the allegations of paragraph 40, except to admit that Plaintiff Thrower is a bargaining unit member covered by the IBEW Local 824 (South) CBA.

### *Plaintiff Pat Maiolo*

**41.    Plaintiff Maiolo is a resident of Lee County, Florida, and is a current employee of Defendant.  Plaintiff works for Defendant in this district.**

12

Defendant admits that Plaintiff Maiolo is a current employee of Defendant. Defendant is without sufficient knowledge or belief to either admit or deny the remaining allegations of paragraph 41.

42.    **Plaintiff works as a Network Technician for Defendant in Fort Meyers [sic], Florida.**

Defendant denies the allegations of paragraph 42, as written, except to admit that Plaintiff Maiolo works from Defendant's facility located in Bonita Springs, Florida.

43.    **Plaintiff also worked for Defendant's previous iteration, Embarq Florida, Inc., prior [sic] its October 13, 2022, name change to CenturyLink of Florida, Inc.**

Defendant admits the allegations of paragraph 43.

44.    **Plaintiff began working for Embarq Florida, Inc., now Defendant, in July 2005.**

Defendant denies the allegations of paragraph 44, as written, and avers that Plaintiff Maiolo began working for Defendant on or about August 21, 1995.

45.    **Defendant requires Plaintiff Maiolo to work on-call for periods of a week-end up to a week at Defendant's whim.**

Defendant denies the allegations of paragraph 45.

46.    **Defendant requires Plaintiff Maiolo to stay within two hour driving distance from his home thus restricting his travel, refrain from consuming**

13

**alcohol thus restricting his leisure time, be prepared to leave if called upon thus restricting the use of his free time, answer text messages within fifteen minutes and report to trouble sites within two hours restricting his ability to make plans outside of his obligations to Defendant. Essentially, Defendant controls all aspects of Plaintiff Maiolo's time while on-call such that it is so restrictive, it is not used predominantly for Maiolo's benefit.**

Defendant denies the allegations of paragraph 46.

**47.    Defendant pays Plaintiff Maiolo $30 per day of being on-call but does not include that amount in the calculation of any over-time premium pay that it pays to Plaintiff Maiolo.**

Defendant denies the allegations of paragraph 47, as written, which purport to describe certain provisions contained within the IBEW Local 824 (South) CBA. Defendant affirmatively states that the IBEW Local 824 (South) CBA speaks for itself and, on that basis, denies any allegations of paragraph 47 inconsistent therewith. Defendant denies the allegations of paragraph 47 to the extent they imply any wrongdoing on the part of Defendant.

**48.    Defendant only pays overtime to Plaintiff Maiolo for actual calls that he receives despite Defendant's control of his time during the on-call period and the parties' agreement to additionally pay $30 per day of on-call.**

Defendant denies the allegations of paragraph 48.

14

**49.    Plaintiff Maiolo is part of the IBEW Local 824 (South) CBA collective bargaining agreement.**

Defendant denies the allegations of paragraph 49, except to admit that Plaintiff Maiolo is a bargaining unit member covered by the IBEW Local 824 (South) CBA.

*Plaintiff David Kirwin*

**50.    Plaintiff Kirwin is a resident of Lee County, Florida, and is a current employee of Defendant.  Plaintiff Kirwin Works for Defendant in this district.**

Defendant admits that Plaintiff Kirwin is a former employee of Defendant. Defendant is without sufficient knowledge or belief to either admit or deny the remaining allegations of paragraph 50.

**51.    Plaintiff works for Defendant in Fort Meyers [sic], Florida.**

Defendant admits the allegations of paragraph 51.

**52.    Plaintiff also worked for Defendant's previous iteration, Embarq Florida, Inc., prior [sic] its October 13, 2022, name change to CenturyLink of Florida, Inc.**

Defendant admits the allegations of paragraph 52.

**53.    Plaintiff began working for Embarq Florida, Inc., now Defendant in July 2005.  Plaintiff Kriwin [sic] works as a Network Technician.**

15

Defendant denies the allegations of paragraph 53, as written, and avers that Plaintiff Kirwin began working for Defendant on or about November 14, 2010.

**54.    Defendant requires Plaintiff Kirwin to work on-call for periods of a week-end up to a week at Defendant's whim.**

Defendant denies the allegations of paragraph 54.

**55.    Defendant requires Plaintiff Kirwin to stay within two hour driving distance from his home thus restricting his travel, refrain from consuming alcohol thus restricting his leisure time, be prepared to leave if called upon thus restricting the use of his free time, answer text messages within fifteen minutes and report to trouble sites within two hours restricting his ability to make plans outside of his obligations to Defendant.  Essentially, Defendant controls all aspects of Plaintiff Kiriwn's [sic] time while on-call such that it is so restrictive, it is not used predominantly for Plaintiff Kirwin's benefit.**

Defendant denies the allegations of paragraph 55.

**56.    Defendant requires Plaintiff Kirwin to triage its trouble tickets for which Plaintiff was [sic] not compensated his hourly rate or the premium overtime rate for such hours despite the calls occurring multiple times per day while on-call.**

Defendant denies the allegations of paragraph 56.

16

**57.   Defendant pays Plaintiff Kirwin $30 per day of being on-call but does not include that amount in the calculation of any over-time premium pay that it pays to Plaintiff Kirwin.**

Defendant denies the allegations of paragraph 57, as written, which purport to describe certain provisions contained within the IBEW Local 824 (South) CBA. Defendant affirmatively states that the IBEW Local 824 (South) CBA speaks for itself and, on that basis, denies any allegations of paragraph 57 inconsistent therewith. Defendant denies the allegations of paragraph 57 to the extent they imply any wrongdoing on the part of Defendant.

**58.   Defendant only pays overtime to Plaintiff Kirwin for actual calls that he receives despite Defendant's control of his time during the on-call period.**

Defendant denies the allegations of paragraph 58.

**59.   Plaintiff Kirwin is party of the IBEW Local 824 (South) collective bargaining agreement.**

Defendant denies the allegations of paragraph 59, as written. Kirwin is no longer employed by Defendant, but Defendant admits that Plaintiff Kirwin was a formerly a member of the bargaining unit represented by IBEW Local 824 (South).

### *Plaintiff Floyd Prevost*

**60.   Plaintiff Prevost is a resident of Collier County, Florida, and is a current employee of Defendant.  Plaintiff works for Defendant in this District.**

17

Defendant admits that Plaintiff Prevost is a current employee of Defendant. Defendant is without sufficient knowledge or belief to either admit or deny the remaining allegations of paragraph 60.

**61.    Plaintiff Prevost works for Defendant in Naples, Florida.**

Defendant denies the allegations of paragraph 61, as written except to admit that Plaintiff Prevost works from Defendant's facility located in Fort Myers, Florida.

**62.    Plaintiff Prevost also worked for Defendant's previous iteration, Embarq Florida, Inc., prior [sic] its October 13, 2022, name change to CenturyLink of Florida, Inc.**

Defendant admits the allegations of paragraph 62.

**63.    Plaintiff Prevost began working for Embarq Florida, Inc., now Defendant, in July 2005.**

Defendant denies the allegations of paragraph 63, as written, and avers that Plaintiff Prevost began working for Defendant on or about June 4, 2012.

**64.    Defendant requires Plaintiff Prevost to work on-call for periods of a week-end up to a week at Defendant's whim.**

Defendant denies the allegations of paragraph 64.

**65.    Defendant requires Plaintiff Prevost to stay within two hour driving distance from his home thus restricting his travel, refrain from consuming alcohol thus restricting his leisure time, be prepared to leave if called upon thus restricting the use of his free time, answer text messages within**

18

**fifteen minutes and report to trouble sites within two hours restricting his ability to make plans outside of his obligations to Defendant.  Essentially, Defendant controls all aspects of Plaintiff Prevost's time while on-call such that it is so restrictive, it is not used predominantly for Plaintiff Prevost's benefit.**

Defendant denies the allegations of paragraph 65.

66.    **Plaintiff Prevost's supervisor informed him that he had to work the first 15 minutes of a call out for free.**

Defendant is without sufficient knowledge or belief to either admit or deny the remaining allegations of paragraph 66.

67.    **Defendant pays Plaintiff Prevost $30 per day of being on-call but does not include that amount in the calculation of any over-time premium pay that it pays to Plaintiff Prevost.**

Defendant denies the allegations of paragraph 67, as written, which purport to describe certain provisions contained within the IBEW Local 824 (South) CBA. Defendant affirmatively states that the IBEW Local 824 (South) CBA speaks for itself and, on that basis, denies any allegations of paragraph 67 inconsistent therewith.  Defendant denies the allegations of paragraph 67 to the extent they imply any wrongdoing on the part of Defendant.

68.    **Defendant only pays overtime to Plaintiff Prevost for actual calls that he receives despite Defendant's control of his time during the on-call period.**

19

Defendant denies the allegations of paragraph 68.

**69.    Plaintiff Prevost is part of the IBEW Local 824 (South) collective bargaining agreement.**

Defendant denies the allegations of paragraph 69, except to admit that Plaintiff Prevost is a bargaining unit member covered by the IBEW Local 824 (South) CBA.

*Plaintiff Michael J. Garrett*

**70.    Plaintiff Garrett is a resident of Bradford County, Florida, and is a current employee of Defendant.  Plaintiff works for Defendant in this District.**

Defendant admits that Plaintiff Prevost is a current employee of Defendant. Defendant is without sufficient knowledge or belief to either admit or deny the remaining allegations of paragraph 70.

**71.    Plaintiff Garrett works for Defendant in Stark, Florida.**

Defendant denies the allegations of paragraph 71, as written, except to admit that Plaintiff Garrett works from Defendant's facility located in Fort Myers, Florida.

**72.    Plaintiff Garrett also worked for Defendant's previous iteration, Embarq Florida, Inc., prior [sic] its October 13, 2022, name change to CenturyLink of Florida, Inc.**

Defendant admits the allegations of paragraph 72.

**73.    Plaintiff Garrett began working for Embarq Florida, Inc., now Defendant, in June 2005.**

Defendant denies the allegations of paragraph 73, as written, and avers that Plaintiff Garrett began working for Defendant on or about February 21, 2011.

**74.    Defendant requires Plaintiff Garrett to work on-call for periods of a week-end up to a week at Defendant's whim.**

Defendant denies the allegations of paragraph 74.

**75.    Defendant requires Plaintiff Garrett to stay within two hour driving distance from his home thus restricting his travel, refrain from consuming alcohol thus restricting his leisure time, be prepared to leave if called upon thus restricting the use of his free time, answer text messages within fifteen minutes and report to trouble sites within two hours restricting his ability to make plans outside of his obligations to Defendant.   Essentially, Defendant controls all aspects of Plaintiff Garrett's time while on-call such that it is so restrictive, it is not used predominantly for Plaintiff Garrett's benefit.**

Defendant denies the allegations of paragraph 75.

**76.    Defendant pays Plaintiff Garrett $30 per day of being on-call but does not include that amount in the calculation of any over-time premium pay that it pays to Plaintiff Garrett.**

Defendant denies the allegations of paragraph 76, as written, which purport appear to describe certain provisions contained within the IBEW Local 824 (North) CBA.  Defendant affirmatively states that the IBEW Local 824 (North) CBA speaks for itself and, on that basis, denies any allegations of paragraph 76 inconsistent

21

therewith. Defendant denies the allegations of paragraph 76 to the extent they imply any wrongdoing on the part of Defendant.

**77.    Defendant only pays overtime to Plaintiff Garrett for actual calls that he receives beyond the first fifteen minutes despite Defendant's control of his time during the on-call period.**

Defendant denies the allegations of paragraph 77.

**78.    Plaintiff Garrett is part of the IBEW Local 824 (North) collective bargaining agreement.**

Defendant admits the allegations of paragraph 78.

### *Plaintiff Joseph Hernandez*

**79.    Plaintiff Hernandez is a resident of Wakulla County, Florida, and is a current employee of Defendant.**

Defendant admits that Plaintiff Hernandez is a current employee of Defendant.  Defendant is without sufficient knowledge or belief to either admit or deny the remaining allegations of paragraph 79.

**80.    Plaintiff works for Defendant in Crawfordville, Florida.**

Defendant denies the allegations of paragraph 80, as written, except to admit that Plaintiff Hernandez works from Defendant's facility located in Tallahassee, Florida.

**81.    Plaintiff began working for Defendant in 1999.**

Defendant admits the allegations of paragraph 81.

**82.     Plaintiff works as a Network Technician in Defendant's North Florida region.  His job requires him to maintain and repair the backbone of Defendant's network and all of the devices that hand [sic] the communications traffic.**

Defendant denies the allegations of paragraph 82 as phrased, except to admit that Plaintiff Hernandez is employed by Defendant as a Network Technician.

**83.     When on-call, Plaintiff travels to Defendant's premises or Defendant's other locations in the field where Defendant's fiber devices are located.**

Defendant denies the allegations of paragraph 83, as written, except to  admit that Plaintiff Hernandez is sometimes required to travel to Defendant's premises or Defendant's other locations in the field where Defendant's fiber devices are located when he performs work in response to a call out.

**84.     Plaintiff Hernandez is required to be on-call at least one week per month.  However, Defendant has required Plaintiff's on-call time to be almost every other week because Defendant claims to be short-staffed of technicians.**

Defendant denies the allegations of paragraph 84.

**85.     During the on-call time, Defendant requires Plaintiff Hernandez to stay within two hour driving distance from his home thus restricting his travel, refrain from consuming alcohol thus restricting his leisure time, be prepared to leave if called upon thus restricting the use of his free time, answer text**

23

**messages within fifteen minutes and report to trouble sites within two hours restricting his ability to make plans outside of his obligations to Defendant. Essentially, Defendant controls all aspects of Plaintiff Hernandez's time while on-call such that it is so restrictive, it is not used predominantly for Plaintiff Hernandez's benefit.**

Defendant denies the allegations of paragraph 85.

**86.    Defendant pays Plaintiff Hernandez $30 per day of being on-call but does not include that amount in the calculation of any over-time premium pay that it pays to Plaintiff Hernandez.**

Defendant denies the allegations of paragraph 86, as written, which purport to describe certain provisions contained within the IBEW Local 824 (North) CBA. Defendant affirmatively states that the IBEW Local 824 (North) CBA speaks for itself and, on that basis, denies any allegations of paragraph 86 inconsistent therewith. Defendant denies the allegations of paragraph 86 to the extent they imply any wrongdoing on the part of Defendant.

**87.    Defendant only pays overtime to Plaintiff Hernandez for actual calls that he receives despite Defendant's control of his time during the on-call period.**

Defendant denies the allegations of paragraph 87.

**88.    Plaintiff Hernandez is part of a collective bargaining agreement, IBEW Local 824 (North) (CBA).**

24

Defendant denies the allegations of paragraph 88, except to admit that Plaintiff Hernandez is a bargaining unit member covered by the IBEW Local 824 (North) CBA

## GENERAL ALLEGATIONS

**89.    Defendant operates a telecommunications company in Florida.**

Defendant admits that it is a telecommunications company that does business in Florida.

**90.    The principal job duty of Defendant's Technicians is to operate on Defendant's telecommunications network equipment.**

Defendant denies the allegations of paragraph 90 as phrased but admits that part of a Network Technician's job duties includes working on certain equipment belonging to Defendant.

**91.    Defendants [sic] paid the Plaintiffs on an hourly basis and classifies them as "non-exempt" under the FLSA.**

Defendant admits the allegations of paragraph 91.

**92.    Plaintiff's [sic] typical regular schedule was to work forty hours per week plus be on call for weeks in which case they worked twenty-four hours per day, seven days per week.  Plaintiffs worked on average about 40 hours of overtime per week for which they were routinely not compensated for "off the clock" work.**

25

Defendant denies the allegations of paragraph 92.

**93.    However, Plaintiffs' time commitment to Defendant was actually 24/7. When Plaintiffs were on call, they worked 24 hours a day, and seven days per week.**

Defendant denies the allegations of paragraph 93.

**94.    As stated above, Plaintiffs are not allowed to accurately record all of the time for which they were to be compensated.  According to Defendant's policy, the Technician Plaintiffs must take all calls for weeks when they are on call and travel to designated location sites for services.**

Defendant denies the allegations of paragraph 94.

**95.    For example, Defendants previously paid the Technicians a flat rate per day to be on call. However, now Defendant does not pay the on call Technicians for their time being on call even though it restricts the Technician's use of their personal time by requiring them to be within two hours driving distance.**

Defendant denies the allegations of paragraph 95 as phrased.

**96.    Plaintiffs subject to IBEW Local 824 (South) are also not compensated at time and a half for time traveling if they are away from their homes to the trouble site.**

Defendant denies the allegations of paragraph 96 as written.

26

**97.   Defendant's Policy is to exclude the on-call pay from the Plaintiff's [sic] regular pay for computing their overtime.**

Defendant denies the allegations of paragraph 97 purport to describe certain policies applicable to Plaintiffs.  Defendant affirmatively states that those policies speak for themselves and, on that basis, denies any allegations of paragraph 97 inconsistent therewith. Defendant denies the allegations of paragraph 97 to the extent they imply any wrongdoing on the part of Defendant.

**98.   Defendant classified Plaintiffs as non-exempt and otherwise eligible for overtime pay.**

Defendant admits that Plaintiffs have been classified as non-exempt under the Fair Labor Standards Act.

**99.   Plaintiffs' time was submitted via Defendant's system.**

Defendant admits that each Plaintiff was responsible for recording and submitting his own work time into an application that feeds into Defendant's payroll system.

**100.   Defendant could easily and accurately record the actual time Plaintiffs are engaged to wait, for example, by paying them for their entire on call time.**

Defendant admits that Plaintiffs were responsible for recording their time worked, and admits that it prohibited employees, including Plaintiffs, from working

27

"off the clock" and from failing to code all time worked.  Defendant denies the remaining allegations of paragraph 100.

**101.  Defendant's policy and practice fails to pay overtime compensation and willfully fails to keep accurate time records. Defendant enjoyed ill-gained profits at the expense of its hourly employees.**

Defendant denies the allegations of paragraph 101.

**102.  In exchange for Plaintiffs' services, Defendant agreed to pay Plaintiffs a set wage.**

Defendant admits that it paid wages to Plaintiffs for the work they performed. Defendant denies the remaining allegations of paragraph 102.

**103.  Defendant failed to pay Plaintiffs all wages owed to Plaintiffs, including wages earned when they were not paid for compensable time spent working, including but not limited to, calls that did not exceed fifteen minutes.**

Defendant denies the allegations of paragraph 103.

**104.  Plaintiff's [sic] unpaid overtime constitutes "wages" under Florida common law, as well as under Fla. Stat. § 448.08.**

Defendant avers that the allegations of paragraph 104 assert legal conclusions to which a response is not necessary. To the extent Defendant may be mistaken, Defendant denies the allegations of paragraph 104.

28

**105.  All Defendant's failure to pay Plaintiffs all of Plaintiffs' wages, including their hourly rate for all hours worked, was willful.**

Defendant denies the allegations of paragraph 105.

### COUNT I -  FLSA OVERTIME VIOLATION

**106.  Plaintiffs re-assert and re-allege the allegations of paragraphs 1 through 105 above.**

Defendant re-asserts its responses to all of the preceding allegations of the Complaint herein as if they are fully recopied herein.

**107.  Defendant violated the FLSA by failing to pay for all overtime hours worked. In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by their employees.**

Defendant denies the allegations of paragraph 107.

**108.  Section 13 of the FLSA, codified at 29 U.S.C. § 13, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemption apply to Plaintiffs.**

Defendant avers that the allegations of paragraph 108 assert legal conclusions to which a response is not necessary.

**109.  Plaintiffs are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants [sic] acted willfully and knew,**

29

or showed reckless disregard of whether their conduct was prohibited by the FLSA.

Defendant denies the allegations of paragraph 109.

110.   Defendants [sic] acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).

Defendant denies the allegations of paragraph 110.

111.   Alternatively, should the Court find Defendants [sic] did not act willfully in failing to pay overtime pay, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

Defendant denies the allegations of paragraph 111.

112.   As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs.  Accordingly, Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

Defendant denies the allegations of paragraph 112.

30

## PRAYER FOR RELIEF

*WHEREFORE,* **Plaintiffs demand:**

**a)     Judgment against Defendant for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate;**

**b)     Judgment against Defendant that their violation of the FLSA was willful;**

**c)     An equal amount to the overtime damages as liquidated damages;**

**d)     To the extent liquidated damages are not awarded, an award of prejudgment interest;**

**e)     All costs and attorney's fees incurred in prosecuting these claims; and**

**f)     For such further relief as the Court deems just and equitable.**

Defendant denies the allegations of the unnumbered paragraph beginning "WHEREFORE, Plaintiffs …," including without limitation all sub-paragraphs.

## DEMAND FOR A JURY TRIAL

**Plaintiffs hereby request a trial by jury on all issues so triable.**

Defendant admits only that Plaintiffs have requested a trial by jury.  To the extent that any Plaintiff has waived their right to a trial by jury or agreed to resolve

31

their disputes with Defendant via binding arbitration, Defendant denies that they are entitled to a trial by jury.

## General Denial

Defendant denies any and all allegations of the Complaint and Demand for Jury Trial that it did not specifically admit.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming any burden of proof that by law does not belong to Defendant, Defendant asserts the following defenses:

1.    Plaintiffs' Complaint should be dismissed in whole or in part because it fails to state a claim, in whole or in part, upon which relief can be granted.

2.    Some or all of the claims asserted in the Complaint are barred by the applicable statute of limitations, including without limitation, 29 U.S.C. §255.

3.    Defendant did not willfully, or with reckless disregard, deprive Plaintiffs of any compensation. Thus, the FLSA's two-year statute of limitation should apply to this action.

4.    Plaintiffs are estopped from pursuing the claims set forth in the Complaint by reason of their own acts, omissions, and course of conduct, including, but not limited to, their failure or refusal to record and report their time worked.

5.    Plaintiffs have waived their right, if any, to pursue the claims set forth in the Complaint by reason of their own acts, omissions, and course of conduct,

32

including, but not limited to, their failure or refusal to record and report their time worked.

6.    Some or all of the claims asserted in the Complaint are barred by the equitable doctrines of laches, estoppel, ratification, and/or unclean hands. Plaintiffs are barred from pursuing some, or all, of their claims or remedies by unreasonably delaying their assertion of claims of unpaid overtime to Defendant's disadvantage and prejudice.

7.    The Complaint is barred, in whole or in part, because some or all of the time for which compensation is sought is *de minimis* and, therefore, not compensable.

8.    Plaintiffs are precluded from recovering any amounts from Defendant because Defendant has paid them all sums legally due to them. Defendant has properly paid Plaintiffs for all compensable work they have performed.

9.    Plaintiffs have failed to comply with their legal duty to mitigate their alleged damages, which Defendant expressly denies any of the Plaintiffs are entitled to.

10.    The damages claimed by Plaintiffs are barred to the extent they are speculative in nature.

11.    The Complaint, and each purported cause of action set forth therein, is barred in whole, or in part, by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities that were not

33

compensable work under the FLSA and were not an integral and indispensable part of their principal activities, including non-compensable activities that were preliminary to their principal activities, and traveling to the actual place of performance of the principal activities.

12.     Some, or all, of the disputed time for which Plaintiffs are purportedly owed compensation involves time that is not compensable pursuant to the *de minimis* doctrine and rounding regulations.

13.     Plaintiffs may not recover liquidated damages because (i) Defendant (including its officers, managers, and agents) acted in good faith and did not commit any willful violation of any of the provisions of the FLSA or any state law; (ii) Defendant (including its officers, managers and agents) did not authorize or ratify any willful violation with respect to Plaintiffs; and (iii) Plaintiffs have failed to plead facts sufficient to support recovery of such damages.

14.     To the extent Plaintiffs are entitled to damages, Defendant is entitled to a credit for or set off against amounts overpaid to them in the course of their employment and to a credit for overtime and other premium payments already made to them.

15.     With respect to some or all claims alleged by Plaintiffs, Defendant pleads that any act(s) and/or omissions(s) that may be found to be in violation of the rights afforded by the FLSA were not willful, but occurred in good faith.

16.    Plaintiffs may not recover liquidated damages, because neither Defendant nor any of its officers, directors, or agents committed any oppressive, willful, wanton, fraudulent, or malicious act or authorized or ratified any such act with respect to Plaintiffs, and because Plaintiffs have failed to plead facts sufficient to support recovery of such damages.

17.    Some or all of the claims asserted in the Complaint are barred because all acts or omissions were in good faith.

18.    Plaintiffs are not entitled to compensation for hours they purportedly worked without Defendant's actual or constructive knowledge.

19.    Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative or other defenses available. Defendant reserves herein the right to assert additional defenses in the event that discovery indicates they would be appropriate.

WHEREFORE, Defendant requests that the Court dismiss Plaintiffs' Complaint, enter judgment in Defendant's favor and against Plaintiffs, award Defendant its attorneys' fees and costs, and for any further relief the Court deems just and proper.

Dated:  February 14, 2025

Respectfully submitted,

/s/ Holly Griffin Goodman
HOLLY GRIFFIN GOODMAN
Florida Bar No. 93213

35

hgoodman@gunster.com
GUNSTER, YOAKLEY & STEWART, P.A.
777 S. Flagler Dr., Suite 500E
West Palm Beach, FL 33401
Telephone: (561) 655-1980

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I, Holly Griffin Goodman, one of the attorneys for Defendant CenturyLink of Florida, Inc., do hereby certify that I have this day electronically filed the foregoing ***Defendant's Answer and Affirmative Defenses to Complaint and Demand for Jury Trial*** with the Clerk of Court via the court's ECF system, which sent notification of such filing to the following counsel of record:

Brandon J. Hill (FLB# 0037061)
Luis A. Cabassa (FLB# 053643)
Amanda E. Heystek (FLB# 0285020)
WENZEL FENTON CABASSA, P.A.
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
T:  (813) 224-0431
bhill@wfclaw.com
lbacassa@wfclaw.com
aheystek@wfclaw.com

*Counsel for Plaintiffs*

So certified this, the 14th day of February, 2025.

/s/ Holly Griffin Goodman
HOLLY GRIFFIN GOODMAN

ACTIVE:35621925.1

36