UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW LUKE, FRANK THROWER, PAT MAIOLO, DAVID KIRWIN, FLOYD PREVOST, MICHAEL J. GARRETT, JOSEPH HERNANDEZ, JIMMIE GREEN,

    Plaintiffs,

v.

CENTURYLINK OF FLORIDA, INC.,

    Defendant,
_____/

Case No. 2:25-cv-18-SPC-KCD

## REPORT & RECOMMENDATION

Plaintiff Michael J. Garrett retained Wenzel Fenton Cabassa, P.A. to represent him in this lawsuit against Defendant CenturyLink of Florida under the Federal Labor Standards Act. (*See* Doc. 1, Doc. 6.)[1] As best the Court can tell, Garrett was not particularly responsive to his attorneys' attempts to answer the Court's interrogatories. (Doc. 30 ¶ 3.) So the firm moved to withdraw its representation. (*See* Doc. 33.)

The Court granted the motion and directed Garrett to state whether he intended to continue participating in the case and, if so, whether he would do so with the benefit of a new attorney. (Docs. 38, 40.) His response was due by

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

June 20, 2025. (*Id.*) The Court warned Garrett that it would recommend that he be dismissed from the case if he did not respond. (*Id.*) Despite the warning, Garrett did not respond.

Ignoring the Court's order is grounds for dismissal. "A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." M.D. Fla. R. 3.10. Similarly, the Court has the "inherent power" to dismiss a case for lack of prosecution under its authority to manage its docket. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

Garrett has not diligently prosecuted this case; he has refused to answer the Court's interrogatories and ignored its orders. At bottom, his actions show a lack of interest. The Court should dismiss Garrett's claims without prejudice and remove him as a plaintiff.

**RECOMMENDED** this 27th day of June, 2025.

Kyle C. Dudek
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from

the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.